UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at Lexington

APRIL BAKER,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al.,

Defendants.

Civil Action No. 5:26-cv-00306-SCM

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

April Baker is an inmate at the Atwood satellite camp located at the Federal Medical Center in Lexington, Kentucky. [Dkt. 1 at 1]. Proceeding without a lawyer, Baker filed a complaint, [Dkt. 1], as well as a motion for leave to proceed *in forma pauperis*, [Dkt. 2]. The Court granted Baker's fee motion in a separate Order, [Dkt. 5], and it now screens Baker's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

Baker's submission is nearly identical to pleadings recently filed by other inmates at the Atwood satellite camp. *See, e.g., Prather v. U.S. Dep't of Justice*, No. 5:26-cv-278-REW, [Dkt. 6 therein], (E.D. Ky. 2026); *Grohowski v. U.S. Dep't of Justice*, No. 5:26-cv-293-SCM, [Dkt. 1 therein], (E.D. Ky. 2026); and *Bartels v. U.S. Dep't of Justice*, No. 5:26-cv-316-KKC, [Dkt. 1 therein], (E.D. Ky. 2026). Like the other inmates, Baker names the following defendants in her complaint: (1) the United States Department of Justice; (2) the Federal Bureau of Prisons (BOP); (3) the

Lexington Federal Medical Center; (4) the Atwood Satellite Camp; (5) Todd Blanche, the Attorney General of the United States; (6) William Marshall, the Director of the BOP; and (7) David Paul, the former Warden of the Lexington Federal Medical Center. [Dkt. 1 at 1–2]. Baker also alleges that she and the other inmates live in deplorable conditions at Atwood and do not receive adequate nutrition or medical care. [Dkt. 1-3 at 1–3; Dkt. 1 at 9–12]. Baker's claims are likewise based on alleged violations of the Eighth Amendment's prohibition on cruel and unusual punishment and, according to Baker, the "prohibition against deprivation of life, liberty and violation of substantive rights during confinement" under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. [Dkt. 1 at 10]. Plus, like the other inmates, Baker repeatedly indicates that she is also seeking relief under the Federal Tort Claims Act (FTCA); indeed, Baker specifically uses the title "Federal Tort Claim" on multiple pages of her submission. [Dkt. 1 at 1, 9]. And Baker also suggests that she is trying to pursue a class action on behalf of herself and the other inmates. [Dkt. 1-3 at 1]. Ultimately, Baker seeks money damages among other forms of relief. [Dkt. 1 at 8].

Having fully reviewed Baker's pleading, the Court will dismiss this matter for the same reasons it dismissed similar actions. *See Prather*, No. 26-cv-278-REW, [Dkt. 10 therein]; *Bartels*, No. 5:26-cv-316-KKC, [Dkt. 6 therein]. As an initial matter, since Baker utilized an E.D. Ky. 520 Civil Rights Complaint Form, the Court first considers whether she has stated a viable claim under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). To state a claim under *Bivens*, the "plaintiff

must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Webb v United States*, 789 F.3d 647, 659 (6th Cir. 2015) (making it clear that the "plaintiff must show that the official either actively participated in the alleged unconstitutional conduct or 'implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of an offending subordinate'.").

Baker has not alleged facts giving rise to a viable *Bivens* claim. Although Baker names three different federal officials as defendants, she does not allege facts indicating that they, through their own conduct, violated her constitutional rights. In fact, it does not appear that Baker mentioned Defendant Blanche at all in the substantive allegations of her complaint. And while Baker reports that former Warden Paul (and perhaps the current warden) denied her request for compassionate release, [Dkt. 1-3 at 2], a convicted person has no constitutional or inherent right to be released conditionally prior to the expiration of her sentence. *Greenholz v. Inmates of Nebraska Penal & Corr. Comple*x, 442 U.S. 1, 7 (1979); *Hernandez-Castillo v. Bureau of Prison*, 56 F. App'x 256, 256–57 (6th Cir. 2003) (noting that a prisoner has no procedural due process liberty interest in compassionate release).

Baker does allege that Marshall announced the closure of Atwood but "failed to mention" its "deplorable conditions, . . . the decomposing structures . . . [and] the unsafe and hazardous living conditions." [Dkt. 1-3 at 1; Dkt. 1 at 10]. But to state an Eighth Amendment conditions-of-confinement claim, a plaintiff must allege facts indicating that the defendant knew that inmates faced a substantial risk of serious

harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 848 (1994). Without more, it is unclear how Marshall's failure to mention the alleged conditions at Atwood constitutes a violation of Baker's constitutional rights. Thus, to the extent that Baker alleges one or more claims under *Bivens* and its progeny, those claims will be dismissed.

Next, the Court turns to Baker's claim under the FTCA. In general, the United States, as a sovereign entity, is immune from claims against it. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA constitutes a limited waiver of that immunity, permitting suit against the United States for personal injuries caused by government employees. *See* 28 U.S.C. § 1346(b)(1). A plaintiff may proceed with a claim under the FTCA that is

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)). If any of these elements is lacking, the Court does not have jurisdiction over the claim. *See id.*

Baker's FTCA claim, as presently drafted, fails for multiple reasons. First, Baker did not name the United States (the only proper defendant to an FTCA claim) as a defendant in this case. *See Jude v. Comm'r of Soc. Sec.*, 908 F.3d 152, 157 n.4 (6th Cir. 2018). Next, an FTCA plaintiff must plausibly allege that the United States

would be liable under state law if it were a private person. *See* 28 U.S.C. § 1346(b)(1). As best as the Court can tell, Baker's claims are based on alleged violations of the United States Constitution—not state law. *See Browning v. Pennerton*, 633 F. Supp. 2d 415, 427 (E.D. Ky. 2009) (observing that "constitutional torts cannot be brought under the FTCA"). Since Baker fails to make allegations satisfying the first and sixth elements stated above, this Court lacks jurisdiction over her claim.

The Court also notes that it is unclear from Baker's E.D. Ky. 520 Civil Rights Complaint Form that she has fully and properly exhausted her administrative remedies. [*See* Dkt. 1 at 4–5]. While Baker represents that her administrative grievances were "denied on all levels," she also confusingly says that she completed multiple levels of the exhaustion process (*i.e.*, the BP-9/Warden and BP-10/Regional Director levels) on the exact same day: July 29, 2026, the same day she signed her complaint. [*See id.* at 4–5, 8]. This, of course, is not possible given that a prisoner must complete each tiered level of the grievance process (including waiting for an official response or allowing a specific amount of time to pass) before proceeding to the next level. *See* 28 C.F.R. §§ 542.10–542.19 (explaining the administrative remedy program). There is also no indication from Baker's submission that she completed and filed an administrative tort claim form (*i.e.*, the Standard Form 95) with the BOP, as required. *See Brooks v. Silva*, No. 13-6539, 2015 WL 12762112, at *2 (6th Cir. Apr. 6, 2015) (explaining that a claimant cannot bring an action against the United States under the FTCA unless she has first presented the claim to the appropriate federal agency). And even if Baker did complete a Standard Form 95 and filed it with the

BOP on July 29, 2026, the date she referenced in the exhaustion section of her complaint, [Dkt. 1 at 4], she is not permitted to file suit in federal court until either her claim is finally denied by the agency in writing or six months passes without a final agency determination. *See Brooks*, 2015 WL 12762112, at *2. There is no indication that either has happened here; instead, it appears that Baker just went ahead, signed her E.D. Ky. 520 Form, and filed it with the Court. That is not proper.

Finally, it is also worth pointing out that Baker simply cannot represent a class of FTCA plaintiffs. While a litigant is generally entitled to represent herself in court, *see* 28 U.S.C. § 1654, a plaintiff may not "appear *pro se* where interests other than [her] own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). And the United States Court of Appeals for the Sixth Circuit has repeatedly recognized that a *pro se* inmate may not represent a class. *See Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (unpublished). And, in any event, Baker's pleading certainly does not include factual allegations indicating that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied. *See Eager v. Credit Bureau Collection Servs., Inc.*, Nos. 1:13–CV–30, 1:13–CV–84, 1:13–CV–173, 1:13–CV–261, 2014 WL 3534949, at *8 (W.D. Mich. July 16, 2014) (citing *Moore v. Walter Coke Inc.*, 294 F.R.D. 620, 631 (N.D. Ala. 2013) (observing that a class action complaint must allege acts indicating that the four Rule 23(a) criteria are met and that the class falls within one of the types of classes described in Rule 23(b)).

For all the foregoing reasons, it is **ORDERED** as follows:

1. The Court **DISMISSES** this matter without prejudice.

2. This matter is **STRICKEN** from the Court's active docket.

3. The Court will enter a corresponding Judgment.

Signed this 28th day of September, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky